# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

**MARK BECKER**,                                                CASE NO.: 1:18-cv-71

Plaintiff,

vs.

**ONEMAIN FINANCIAL
GROUP, LLC AND  ONEMAIN**            <u>DEMAND FOR JURY TRIAL</u>
**FINANCIAL HOLDINGS, INC.**

Defendants.

_____

## PLAINTIFF MARK BECKER'S COMPLAINT

_____

**COMES NOW**, Plaintiff, Mark Becker (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, OneMain Financial Group, LLC and OneMain Financial Holdings, Inc. (hereafter "Defendant(s)" or OneMain), and states as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA") and the North Carolina Collection Agency Act N.C.G.S.A.  §§ 58-70-100 et seq. (hereafter the "Collection Agency Act").  The Defendant's, through the use of an automated dialing machine, continually contacted Plaintiff on his cellular telephone after Plaintiff informed Defendant's to cease this form of harassing communication.  Defendant's continual attempts to contact Plaintiff via this method were so frequent as to be unreasonable and constitute harassment within the meaning of the Collection

1

Agency Act, and constituted such a nuisance as to be clearly within the ambit of the TCPA's protections.

## PARTIES

1.      Plaintiff Mark T. Becker is an individual over the age of 18 residing at 125 Abraham Drive, Marion, North Carolina 28752.

2.      Defendant OneMain Financial Group, LLC is, and at all times herein referenced was, a Delaware Limited Liability Company registered to transact business within the State of North Carolina, transacting substantial business in North Carolina, having certain minimal contacts with the State of North Carolina and available for service of process via a Registered Agent, to wit: CT Corporation System, 160 Mine Lake Court Suite 200, Raleigh North Carolina 27615-6417.

3.      Defendant OneMain Financial Holdings, Inc. is, and at all times herein referenced was, a Delaware Limited Liability Company registered to transact business within the State of North Carolina, transacting substantial business in North Carolina, having certain minimal contacts with the State of North Carolina and available for service of process via a Registered Agent, to wit: CT Corporation System, 160 Mine Lake Court Suite 200, Raleigh North Carolina 27615-6417.

## JURISDICTION AND VENUE

1.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and 28 U.S.C. § 1367 Supplemental Jurisdiction.

2.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have

2

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.    Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4.    The conduct of Defendants, which gives rise to the cause of action herein alleged, occurred in this District, McDowell County, by the Defendant's placing of unlawful telephone calls to Plaintiff's cellular telephone.

5.    Defendants, at all material times, was attempting to collect a consumer debt relating to a loan Defendant made to Plaintiff.

6.    On or about, August 30, 2016, Plaintiff received a phone call from Defendants to collect a debt.

7.    During the telephone call, Plaintiff informed Defendants to stop calling his cell phone and revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication

8.    Plaintiff's oral communication of his demand not to be contacted by Defendants constitutes a reasonable method of revoking consent within the meaning of the FCC's Declaratory Ruling and Order dated July 10, 2015 ("TCPA Ruling").

9.    Defendants nevertheless continued to contact Plaintiff on his cell phone, through live calls, voicemails, robocalls, and text messages, on innumerable occasions.

10.    Plaintiff consistently re-expressed his demand not to be contacted by Defendants on numerous other occasions.

3

11.     After Plaintiff's initial revocation of consent, Plaintiff has received in excess of 200 telephone calls and text messages from One Main in an attempt to collect this debt.

12.     All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

13.     Plaintiff is the regular user and carrier of the cellular telephone number One Main and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

14.     Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

15.     Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone multiple times per day from August 30, 2016 through the filing of this complaint.

16.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone.

17.     The following phone number used by defendant to contact Plaintiff including but not limited to, 812-475-4031.

18.     Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

19.     Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

20.     Some of the voicemail messages received by Plaintiff on his cellular telephone from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.

4

21.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

22.     None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

23.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I

## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

24.     Plaintiff incorporates all allegations in paragraphs 1-23 above as if stated fully herein.

25.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

26.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

27.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

WHEREFORE, Plaintiff Mark T. Becker demands judgment against Defendant, OneMain Financial Group, LLC and OneMain Financial Holdings, Inc., for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after August 30, 2016;

b. any other relief the Court deems just and proper.

5

## COUNT II

## WILLFULL OR KNOWING VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

29.    Plaintiff incorporates all allegations in paragraphs 1-27 above as if stated fully

herein.

30.    The phone calls made by Defendant are considered willing and knowing violations of the

TCPA, as Defendant is well aware of the TCPA and its prohibitions.

31.    As part of Defendant's business, it regularly contacts debtors in an attempt to collect

debts.

32.    Due to the nature of Defendants business described above, defendant is well aware of the

proscription of the TCPA and all FCC Regulations, Declarations, and other guidance.

33.    It is therefore incumbent upon the Defendant to comply with the TCPA, FCC

Regulations, and other guidance.

34.    The decision to ignore the proscriptions of the TCPA, FCC Regulations, and other

guidance, or fail to institute procedures designed to prevent violations of the TCPA, FCC

Regulations, and other guidance, is a willful violation of the TCPA.

WHEREFORE, Plaintiff Mark T. Becker demands judgment against Defendants,

OneMain Financial Group, LLC and OneMain Financial Holdings, Inc., for the following relief:

a. In addition to the relief requested in Count I, treble damages pursuant to 47 U.S.C. §

227(b)(3) (flush language) of the amount determined in Count I in the amount of $500.00

for each of the independent violations occurring after August 30, 2016;

b. any other relief the Court deems just and proper.

6

## COUNT III

## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT

29. Plaintiff incorporates all allegations in paragraphs 1-28 above as if stated fully herein.

30. Defendant violated the North Carolina Debt Collection Act, N.C.G.S. §§ 75-50 et seq. when it knowingly called plaintiff's cell phone on 200 hundred separate occasions over the course of 9 months.

31. The frequency of phone calls initiated by Defendant to Plaintiff were intended to harass Plaintiff and induce him to make payment on a consumer debt, thereby violating N.C.G.S § 75-52(3).

32. The frequency of phone calls initiated by Defendant to Plaintiff are unreasonable, thereby violating N.C.G.S § 75-52(3).

WHEREFORE, Plaintiff Mark T. Becker prays the Court for judgment against the Defendants, jointly and severally, for his actual damages in an amount to be determined at trial, with post judgment interest at the statutory rate, statutory damages for each violation as provided for by N.C.G.S. for as provided in § 75-5(b), as well as his attorneys' fees and costs as provided by § 75-5(b) , and for such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

This the 20th day of March, 2018.

                                        WHITLEY LAW FIRM

                            By:    /s/ Ann C. Ochsner
                                   Ann C. Ochsner
                                   N.C. Bar No.:  43108
                                   WHITLEY LAW FIRM
                                   3301 Benson Drive, Suite 120
                                   Raleigh, NC 27609
                                   Telephone:  919-785-5000
                                   Facsimile:  919-785-3729
                                   *aco@whitleylawfirm.com*